KNOLL, Judge,
concurring.
I concur with the majority in reversing the trial court for misinterpreting section II.A. of the contract, but I do not agree with the majority’s rationale. The majority finds that the trial court misinterpreted the definition of gross estate under federal estate tax laws. In my view, since the federal estate tax laws do not include income after death in the gross estate, it is apparent the trial court did not rely upon federal law in awarding Forrest an additional 8% of the income and accruals of the estate after death, but rather accepted Forrest’s contention that “as well as all other assets distributed or to be distributed as authorized herein” entitled her to the additional 8% of the income and accruals. I find that analyzing the contract provision under our Civil Code, (See Investors Assoc. Ltd. v. B.F. Trappey’s Sons, 500 So.2d 909 [La.App. 3rd Cir.1987], writ denied, 502 So.2d 116 [La.1987]), the trial court erred in interpreting the provision to mean that Forrest was entitled to an additional 8% of the income and accruals of the estate.